**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KELLY PHELPS** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** |
| | § | |
| **NUH GUVENMEZ, CLEANPEACE** | § | |
| **EXPRESS, LLC, and AMAZON** | § | |
| **LOGISTICS, INC.** | § | **JURY REQUESTED** |
| ***Defendants.*** | § | |

## STATE COURT PLEADING INDEX

1. Plaintiff's Original Petition
2. Plaintiff's First Amended Petition
3. Return of Service – Nuh Guvenmez
4. Return of Service – Cleanpeace Express, LLC
5. Return of Service – Amazon Logistics, Inc.
6. Defendant Amazon Logistics, Inc.'s Original Answer

Filed: 6/9/2025 12:26 PM
Valerie Harmon
District Clerk
Colorado County, Texas
Colorado County - District Clerk
Paula Laake

**CAUSE NO. 27071**

| | | |
|---|---|---|
| **KELLY PHELPS**<br>*Plaintiff* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **VS.** | §<br>§<br>§ | **____ JUDICIAL DISTRICT** |
| **NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC and AMAZON LOGISTICS, INC.** | §<br>§<br>§ | **COLORADO COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **KELLY PHELPS**, Plaintiff herein, complaining of, Defendants **NUH GUVENMEZ, CLEANPEACE EXPRESS, LCC and AMAZON LOGISTICS, INC.,** herein, and for cause of action would respectfully show unto the Court as follows:

**I.**
**PARTIES**

Plaintiff resides in **DEWITT** County, Texas.

Defendant **NUH GUVENMEZ** is an individual residing in LOS ANGELES County, California and may be served with process by serving The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., Texas Department of Transportation, 125 E. 11th Street, Austin, Texas. The Chairman of the Texas Transportation commission should forward the petition to **Nuh Guvenmez, 25925 Narbonne Avenue, Unit 35, Lomita, California 90717**. ISSUANCE and SERVICE of citation over this Defendant IS requested at this time.

Defendant **CLEANPEACE EXPRESS, LLC** is a foreign corporation with its principal place of business located at 141 Broad Boulevard, Suite 115, Cuyahoga Falls, Ohio . It may be served with process by serving its Registered Agent: Registered Agents Inc., 5900 Balcones Drive,

Ste. 100 Austin, Tx 78731. ISSUANCE and SERVICE of citation over this Defendant IS requested at this time.

Defendant **AMAZON LOGISTIC, INC.** is a foreign corporation doing business in Texas with its principal place of business located at 2121 7th Ave W., Seattle, WA 98119-2838. It may be served with process by serving its Registered Agent: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, 211 E. 7TH Street, Suite 620 Austin, TX 78701. ISSUANCE and SERVICE of citation over this Defendant IS requested at this time.

**MISNOMER, ALTER-EGO AND ASSUMED NAME**

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendants herein.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control plan under Level 3.

## II.
## JURISDICTION

The accident made the basis of this suit occurred in COLORDO County, Texas.

Venue for this cause is proper in COLORADO County, Texas, pursuant to the Texas Civil Practice and Remedies Code.

## III.
## FACTS

Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about June 12, 2024. On this date, Defendant **NUH GUVENMEZ** drove

inattentively and moved his vehicle onto the shoulder, ignoring official traffic control devices thereby crashing into the back of the Plaintiff's vehicle. At the time of the wreck, Plaintiff was in a marked police vehicle on the shoulder of IH 10 with his emergency lights on and conducting traffic control for construction in Columbus, Colorado County, Texas. As a result of Defendant's negligence, Plaintiff sustained severe bodily injuries and damage.

At all times relevant to this suit, Defendant **NUH GUVENMEZ** was operating the commercial motor vehicle while working in the course and scope of his employment with Defendants **AMAZON LOGISTIC, INC**. **and/or CLEANPEACE EXPRESS, LLC**. Accordingly, Plaintiff alleges that Defendant **CLEANPEACE EXPRESS, LLC** and Defendant **AMAZON LOGISTIC, INC.,** are vicariously liable for all acts and/or omissions of Defendant **NUH GUVENMEZ**.

## IV.
## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the remainder of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the remainder of his natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;
2. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;
3. Physical pain and suffering in the past;
4. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;
5. Physical impairment in the past;
6. Physical impairment, which will, in all reasonable probability, be suffered in the future;
7. Mental anguish in the past;
8. Mental anguish which will, in all reasonable probability be suffered in the future;
9. Fear of future disease or condition;
10. Disfigurement;
11. Cost of medical monitoring and prevention in the future;
12. Lost wages/lost earning capacity in the past;
13. Loss of earning capacity in the future;
14. Loss of household services.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value

of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

## V.
## EXEMPLARY DAMAGES

Plaintiff hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

1. The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.
2. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VI.
## NEGLIGENCE, NEGLEGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT NUH GUVENMEZ

Plaintiff would show that on the subject occasion, Defendant **NUH GUVENMEZ** was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

b. In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.401(a);

c. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff's vehicle;

d. In failing to turn the vehicle so as to avoid hitting Plaintiff's vehicle;

e. In failing to yield the right of way to oncoming traffic, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545.151(a)(2);

f. In operating the commercial motor vehicle while fatigued/drowsy;

g. In operating the vehicle in a careless and unsafe manner;

h. Failing to take proper evasive action;

i. Defendant driver failed to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;

j. Defendant driver failed to use the reasonable care that a driver would use when he failed to maintain proper attention while operating the vehicle on a highway;

k. Defendant driver failed to use the reasonable care that a driver would use when he failed to take proper evasive action to avoid colliding with the Plaintiff's vehicle;

l. Defendant driver failed to use the reasonable care that a driver would use when he operated the vehicle in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

Defendant **NUH GUVENMEZ** operated the vehicle in an unsafe manner, and the vehicle presented an unreasonable risk of serious injury or death. Defendant **CLEANPEACE EXPRESS, LLC** and/or Defendant **AMAZON LOGISTIC, INC.'s** driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant **CLEANPEACE EXPRESS, LLC** and/or Defendant **AMAZON LOGISTIC, INC.'s** as described below.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

Plaintiff hereby alleges that the negligence of Defendant **NUH GUVENMEZ** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **NUH GUVENMEZ**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **NUH GUVENMEZ** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and

injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

**VII.**
**NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT, CLEANPEACE EXPRESS, LLC**

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was driving a vehicle owned by Defendant **CLEANPEACE EXPRESS, LLC**:

1. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was engaged in the furtherance of Defendant **CLEANPEACE EXPRESS, LLC's** business and/or was in the course and scope of his employment with it.
2. Plaintiff invokes the doctrine of respondeat superior against Defendant **CLEANPEACE EXPRESS, LLC.**
3. Defendant is liable under the doctrine of respondeat superior in that Defendant **NUH GUVENMEZ** was operating a vehicle in the course and scope of his employment with Defendant **CLEANPEACE EXPRESS, LLC.**
4. Defendant **CLEANPEACE EXPRESS, LLC** is also negligent in one or more of the following respects:

   a) Negligent hiring of its driver;

   b) Negligent training;

c) Negligent supervision;

d) Negligent retention;

e) Defendant **CLEANPEACE EXPRESS, LLC** failed to properly maintain the vehicle involved in the incident;

f) Defendant **CLEANPEACE EXPRESS, LLC** failed to adequately inspect the vehicle to prevent collisions by its employees;

g) Defendant **CLEANPEACE EXPRESS, LLC** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

h) Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

5. As described herein, Defendant **CLEANPEACE EXPRESS, LLC** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

7. Plaintiff hereby alleges that the negligence of Defendant **CLEANPEACE EXPRESS, LLC** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **CLEANPEACE EXPRESS, LLC's** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **CLEANPEACE EXPRESS, LLC** had actual, subjective awareness of the risk

involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

**VIII.**
**NEGLIGENCE AND GROSS NEGLIGENCE OF**
**DEFENDANT, AMAZON LOGISTIC, INC.**

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was driving a vehicle owned by Defendant **AMAZON LOGISTIC, INC.**:

8. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was engaged in the furtherance of Defendant **AMAZON LOGISTIC, INC.'s** business and/or was in the course and scope of his employment with it.
9. Plaintiff invokes the doctrine of respondeat superior against Defendant **AMAZON LOGISTIC, INC..**
10. Defendant is liable under the doctrine of respondeat superior in that Defendant **NUH GUVENMEZ** was operating a vehicle in the course and scope of his employment with Defendant **AMAZON LOGISTIC, INC..**
11. Defendant **AMAZON LOGISTIC, INC.** is also negligent in one or more of the following respects:

i) Negligent hiring of its driver;

j) Negligent training;

k) Negligent supervision;

l) Negligent retention;

m) Defendant **AMAZON LOGISTIC, INC.** failed to properly maintain the vehicle involved in the incident;

n) Defendant **AMAZON LOGISTIC, INC.** failed to adequately inspect the vehicle to prevent collisions by its employees;

o) Defendant **AMAZON LOGISTIC, INC.** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

p) Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

12. As described herein, Defendant **AMAZON LOGISTIC, INC.** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

13. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

Plaintiff hereby alleges that the negligence of Defendant **AMAZON LOGISTIC, INC.** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **AMAZON LOGISTIC, INC.'s** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **AMAZON LOGISTIC, INC.** had actual, subjective

awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## IX.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled to pre-judgment interest under the Laws of the State of Texas.

## X.
## NOTICE OF INTENT TO USE RULE 193.7

Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, any documents produced by the plaintiff or defendants may be used in any pretrial proceeding or at trial. Production of any documents, in response to any requests herein, authenticates the document(s) for use against all parties in any pretrial proceeding or at trial unless, within ten (10) days after receipt of the responses (including supplemental or amended responses) you object to the authenticity of any documents produced, or any part thereof, stating the specific basis for the objection to requests for production to the defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, he have and recover judgment against the Defendants, for the following:

a. Actual damages in an amount that is over one million dollars ($1,000,000). Plaintiffs reserve the right to amend this amount;

b. Exemplary damages;

c. Pre-judgment interest at the legal rate and Post-judgment interest at the legal rate until the judgment is paid in full;

d. For all costs of Court; and

e. For such other and further relief to which Plaintiffs are justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1583

By: /s/Robert Fischel
**ROBERT O. FISCHEL, OF COUNSEL**
State Bar No. 07040200
e-mail: robertf@davislaw.com

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brianna Crossland on behalf of Robert Fischel
Bar No. 7040200
briannac@davislaw.com
Envelope ID: 101779069
Filing Code Description: Petition
Filing Description: PL Phelps Original Petition
Status as of 6/10/2025 2:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zenia Hinojosa | | zeniah@davislaw.com | 6/9/2025 12:26:52 PM | NOT SENT |
| Brianna Crossland | | briannac@davislaw.com | 6/9/2025 12:26:52 PM | NOT SENT |
| Robert Fischel | | robertf@davislaw.com | 6/9/2025 12:26:52 PM | NOT SENT |

Filed: 7/2/2025 12:53 PM
Valerie Harmon
District Clerk
Colorado County, Texas
Carolyn Ayala

**CAUSE NO. 27071**

| | | |
|---|---|---|
| **KELLY PHELPS** *Plaintiff* | § § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § § | **2nd 25th JUDICIAL DISTRICT** |
| **NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC and AMAZON LOGISTICS, INC.** | § § § | **COLORADO COUNTY, TEXAS** |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **KELLY PHELPS**, Plaintiff herein, complaining of, Defendants **NUH GUVENMEZ, CLEANPEACE EXPRESS, LCC and AMAZON LOGISTICS, INC.,** herein, and for cause of action would respectfully show unto the Court as follows:

**I.**
**PARTIES**

Plaintiff resides in **DEWITT** County, Texas.

Defendant **NUH GUVENMEZ** is an individual residing in LOS ANGELES County, California and may be served with process by serving The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., Texas Department of Transportation, 125 E. 11th Street, Austin, Texas. The Chairman of the Texas Transportation commission should forward the petition to **Nuh Guvenmez, 25925 Narbonne Avenue, Unit 35, Lomita, California 90717**. ISSUANCE and SERVICE of citation over this Defendant is NOT requested at this time.

Defendant **CLEANPEACE EXPRESS, LLC** is a foreign corporation with its principal place of business located at 141 Broad Boulevard, Suite 115, Cuyahoga Falls, Ohio 44221. Upon information and belief, it has not designated an agent for service of process in the State of Texas;



Copy from re:SearchTX

therefore, pursuant to Texas C.P.R.C. § 17.044, it may be served with process by serving **The Secretary of State for the State of Texas at Service of Process, Secretary of State, James E. Rudder Bldg., 1019 Brazos Street, Room 105, Austin, TX 78701.** The Secretary of State should forward petition to 141 Broad Boulevard, Suite 115, Cuyahoga Falls, Ohio 44221. Issuance and service IS requested at this time.

Defendant **AMAZON LOGISTIC, INC.** is a foreign corporation doing business in Texas with its principal place of business located at 2121 7th Ave W., Seattle, WA 98119-2838. It may be served with process by serving its Registered Agent: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, 211 E. 7TH Street, Suite 620 Austin, TX 78701. ISSUANCE and SERVICE of citation over this Defendant is NOT requested at this time.

**MISNOMER, ALTER-EGO AND ASSUMED NAME**

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendants herein.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control plan under Level 3.

## II.
## JURISDICTION

The accident made the basis of this suit occurred in COLORDO County, Texas.

Venue for this cause is proper in COLORADO County, Texas, pursuant to the Texas Civil Practice and Remedies Code.



Copy from re:SearchTX

**III.**
**FACTS**

Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about June 12, 2024. On this date, Defendant **NUH GUVENMEZ** drove inattentively and moved his vehicle onto the shoulder, ignoring official traffic control devices thereby crashing into the back of the Plaintiff's vehicle. At the time of the wreck, Plaintiff was in a marked police vehicle on the shoulder of IH 10 with his emergency lights on and conducting traffic control for construction in Columbus, Colorado County, Texas. As a result of Defendant's negligence, Plaintiff sustained severe bodily injuries and damage.

At all times relevant to this suit, Defendant **NUH GUVENMEZ** was operating the commercial motor vehicle while working in the course and scope of his employment with Defendants **AMAZON LOGISTIC, INC**. **and/or CLEANPEACE EXPRESS, LLC**. Accordingly, Plaintiff alleges that Defendant **CLEANPEACE EXPRESS, LLC** and Defendant **AMAZON LOGISTIC, INC.,** are vicariously liable for all acts and/or omissions of Defendant **NUH GUVENMEZ**.

**IV.**
**DAMAGES**

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the remainder of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and,


Copy from re:SearchTX

in reasonable probability, will continue to suffer in this manner in the future, if not for the remainder of his natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;
2. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;
3. Physical pain and suffering in the past;
4. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;
5. Physical impairment in the past;
6. Physical impairment, which will, in all reasonable probability, be suffered in the future;
7. Mental anguish in the past;
8. Mental anguish which will, in all reasonable probability be suffered in the future;
9. Fear of future disease or condition;
10. Disfigurement;
11. Cost of medical monitoring and prevention in the future;
12. Lost wages/lost earning capacity in the past;
13. Loss of earning capacity in the future;
14. Loss of household services.

EXHIBIT A

Copy from re:SearchTX

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

## V.
## EXEMPLARY DAMAGES

Plaintiff hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

1. The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.
2. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of



Copy from re:SearchTX

Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VI.
## NEGLIGENCE, NEGLEGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT NUH GUVENMEZ

Plaintiff would show that on the subject occasion, Defendant **NUH GUVENMEZ** was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.417(a);

b. In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545.401(a);

c. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff's vehicle;

d. In failing to turn the vehicle so as to avoid hitting Plaintiff's vehicle;

e. In failing to yield the right of way to oncoming traffic, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545.151(a)(2);

f. In operating the commercial motor vehicle while fatigued/drowsy;

g. In operating the vehicle in a careless and unsafe manner;

h. Failing to take proper evasive action;

i. Defendant driver failed to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;


Copy from re:SearchTX

j. Defendant driver failed to use the reasonable care that a driver would use when he failed to maintain proper attention while operating the vehicle on a highway;

k. Defendant driver failed to use the reasonable care that a driver would use when he failed to take proper evasive action to avoid colliding with the Plaintiff's vehicle;

l. Defendant driver failed to use the reasonable care that a driver would use when he operated the vehicle in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

Defendant **NUH GUVENMEZ** operated the vehicle in an unsafe manner, and the vehicle presented an unreasonable risk of serious injury or death. Defendant **CLEANPEACE EXPRESS, LLC** and/or Defendant **AMAZON LOGISTIC, INC.'s** driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant **CLEANPEACE EXPRESS, LLC** and/or Defendant **AMAZON LOGISTIC, INC.'s** as described below.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

Plaintiff hereby alleges that the negligence of Defendant **NUH GUVENMEZ** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **NUH GUVENMEZ**'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **NUH GUVENMEZ** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or



Copy from re:SearchTX

welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend this amount.

## VII.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT, CLEANPEACE EXPRESS, LLC

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was driving a vehicle owned by Defendant **CLEANPEACE EXPRESS, LLC**:

1. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was engaged in the furtherance of Defendant **CLEANPEACE EXPRESS, LLC's** business and/or was in the course and scope of his employment with it.
2. Plaintiff invokes the doctrine of respondeat superior against Defendant **CLEANPEACE EXPRESS, LLC.**
3. Defendant is liable under the doctrine of respondeat superior in that Defendant **NUH GUVENMEZ** was operating a vehicle in the course and scope of his employment with Defendant **CLEANPEACE EXPRESS, LLC.**
4. Defendant **CLEANPEACE EXPRESS, LLC** is also negligent in one or more of the following respects:


Copy from re:SearchTX

a) Negligent hiring of its driver;

b) Negligent training;

c) Negligent supervision;

d) Negligent retention;

e) Defendant **CLEANPEACE EXPRESS, LLC** failed to properly maintain the vehicle involved in the incident;

f) Defendant **CLEANPEACE EXPRESS, LLC** failed to adequately inspect the vehicle to prevent collisions by its employees;

g) Defendant **CLEANPEACE EXPRESS, LLC** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

h) Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

5. As described herein, Defendant **CLEANPEACE EXPRESS, LLC** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

7. Plaintiff hereby alleges that the negligence of Defendant **CLEANPEACE EXPRESS, LLC** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **CLEANPEACE EXPRESS, LLC's** conduct involved an extreme degree of risk,



Copy from re:SearchTX

considering the probability and magnitude of the potential harm to Plaintiff. Defendant **CLEANPEACE EXPRESS, LLC** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VIII.
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT, AMAZON LOGISTIC, INC.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was driving a vehicle owned by Defendant **AMAZON LOGISTIC, INC.**:

8. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **NUH GUVENMEZ** was engaged in the furtherance of Defendant **AMAZON LOGISTIC, INC.'s** business and/or was in the course and scope of his employment with it.
9. Plaintiff invokes the doctrine of respondeat superior against Defendant **AMAZON LOGISTIC, INC..**
10. Defendant is liable under the doctrine of respondeat superior in that Defendant **NUH GUVENMEZ** was operating a vehicle in the course and scope of his employment with Defendant **AMAZON LOGISTIC, INC..**



Copy from re:SearchTX

11. Defendant **AMAZON LOGISTIC, INC.** is also negligent in one or more of the following respects:

    i) Negligent hiring of its driver;

    j) Negligent training;

    k) Negligent supervision;

    l) Negligent retention;

    m) Defendant **AMAZON LOGISTIC, INC.** failed to properly maintain the vehicle involved in the incident;

    n) Defendant **AMAZON LOGISTIC, INC.** failed to adequately inspect the vehicle to prevent collisions by its employees;

    o) Defendant **AMAZON LOGISTIC, INC.** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

    p) Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

12. As described herein, Defendant **AMAZON LOGISTIC, INC.** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

13. Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

EXHIBIT A

Copy from re:SearchTX

Plaintiff hereby alleges that the negligence of Defendant **AMAZON LOGISTIC, INC.** was more than momentary thoughtlessness or inadvertence. Rather, Defendant **AMAZON LOGISTIC, INC.'s** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **AMAZON LOGISTIC, INC.** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 et. seq. Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## IX.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled to pre-judgment interest under the Laws of the State of Texas.

## X.
## NOTICE OF INTENT TO USE RULE 193.7

Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, any documents produced by the plaintiff or defendants may be used in any pretrial proceeding or at trial. Production of any documents, in response to any requests herein, authenticates the document(s) for use against all parties in any pretrial proceeding or at trial unless, within ten (10) days after receipt of the responses (including supplemental or amended responses) you object to the authenticity of any documents produced, or any part thereof, stating the specific basis for the objection to requests for production to the defendants.



Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, he have and recover judgment against the Defendants, for the following:

a. Actual damages in an amount that is over one million dollars ($1,000,000). Plaintiffs reserve the right to amend this amount;

b. Exemplary damages;

c. Pre-judgment interest at the legal rate and Post-judgment interest at the legal rate until the judgment is paid in full;

d. For all costs of Court; and

e. For such other and further relief to which Plaintiffs are justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1583

By: /s/Robert Fischel
**ROBERT O. FISCHEL, OF COUNSEL**
State Bar No. 07040200
e-mail: robertf@davislaw.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT A

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brianna Crossland on behalf of Robert Fischel
Bar No. 7040200
briannac@davislaw.com
Envelope ID: 102697541
Filing Code Description: No Fee Documents
Filing Description: PL First Amended Petition
Status as of 7/2/2025 2:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Fischel | | robertf@davislaw.com | 7/2/2025 12:53:30 PM | SENT |
| Zenia Hinojosa | | zeniah@davislaw.com | 7/2/2025 12:53:30 PM | SENT |
| Brianna Crossland | | briannac@davislaw.com | 7/2/2025 12:53:30 PM | SENT |

EXHIBIT A

Copy from re:SearchTX

Filed: 6/16/2025 8:19 PM
Valerie Harmon
District Clerk
Colorado County, Texas
Carolyn Ayala

# RETURN OF SERVICE

**State of Texas** **County of Colorado** **2nd 25th District Court**

Case Number: 27071

BBW2025007650

Plaintiff:
**KELLY PHELPS**

vs.

Defendant:
**NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC and AMAZON LOGISTICS, INC.**

Received by Andrew Swatzell on the 13th day of June, 2025 at 10:25 am to be served on **TEXAS DEPARTMENT OF TRANSPORTATION, by serving THE CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION, J. BRUCE BUGG JR., 125 E 11TH ST, AUSTIN, Travis County, TX 78701**.

I, Andrew Swatzell, do hereby affirm that on the **16th day of June, 2025** at **1:50 pm, I:**

Served an authorized agent by delivering a true copy of the **2 COPIES: CITATION / PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **Effy Anderson** as **Authorized Person For TX Transportation Comm.** at the address of: **125 E 11TH ST, AUSTIN, Travis County, TX 78701** on behalf of **TEXAS DEPARTMENT OF TRANSPORTATION,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/16/2025 1:53 pm No fee required for TXDOT personally

**Description** of Person Served: Age: 50 to 55, Sex: F, Race/Skin Color: Caucasian, Height: 5'4" to 5'6", Weight: 180 to 185, Hair: Dark Brown, Glasses: Y, Eyes: .., Other: .

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

“My name is Andrew Swatzell, I am at least 18 years old and my address is 1108 Lavaca St, Suite 110-549 Austin, TX 78701, and the United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas on June 16th, 2025 by Andrew Swatzell declarant.”

**Andrew Swatzell**
PSC-18592 EXP 09/30/2026

**Pronto Process**
**office@prontoprocess.com**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2025007650

EXHIBIT A

Copy from re:SearchTX

**VALERIE HARMON**
**2ND 25TH DISTRICT COURT**
**400 SPRING STREET, RM 103**
**COLUMBUS, TX 78934**

**ATTORNEY FOR PLAINTIFF(s)**
**ROBERT FISCHEL**
**10500 HERITAGE BLVD. #102**
**SAN ANTONIO, TX 78216**

# REGULAR CITATION

**THE STATE OF TEXAS**

**TO: TEXAS DEPARTMENT OF TRANSPORTATION, by serving THE CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION, J. BRUCE BUGG JR., for process service at, 125 E. 11TH STREET; AUSTIN, TX 78701**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 2nd 25th DISTRICT COURT of Colorado County, Texas. Said petition was filed on 9th day of June 2025 in this case, numbered 27071 on the docket of said Court, and styled,

KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Columbus, Texas this the 12th day of June 2025.

DISTRICT COURT COLORADO COUNTY, TEXAS

**VALERIE HARMON, District Clerk**
2ND 25TH DISTRICT COURT
Colorado County, Texas

By: Carolyn Ayala
**Deputy**

EXHIBIT A

Copy from re:SearchTX

**OFFICER'S RETURN**

27071 2ND 25TH DISTRICT COURT
KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

**ADDRESS FOR SERVICE:**

**125 E. 11TH STREET; AUSTIN, TX 78701**

Came to hand on the ____ day of ____________________, 20 _____ at _________ o'clock ___.m., and executed in __________________________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, at the following times and places, to wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| ____________________ | ______________________________________________________ | |

And not executed as to the defendant(s), ______________________________________________

The diligence used in finding said defendant(s) being: ______________________________________________

and the cause or failure to execute this process is: ______________________________________________

and the information received as to the whereabouts of said defendant(s) being: ______________________________________________

**FEES:**
Serving Petition and Copy $__________
Total $__________

______________________________, Officer

_________________________, County Texas

By: ___________________________, Deputy

______________________________________
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is ___________________, my date of birth is _________________, and my address is
(First, Middle, Last)

_______________________________________________________________________________
(Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in ___________ County, State of ___________, on the ____ day of ______________________________.

________________________________________
Declarant/Authorized Process Server

EXHIBIT A

________________________________________
(Id# & expiration of certification)

Copy from re:SearchTX

Filed: 7/8/2025 5:37 PM
Valerie Harmon
District Clerk
Colorado County, Texas
Suzanne Mazac

# AFFIDAVIT IN SUPPORT OF SERVICE ON THE SECRETARY OF STATE

**State of Texas** **County of Colorado** **2nd 25th Judicial District Court**

Case Number: 27071

BBW2025008502

Plaintiff:
**KELLY PHELPS**

vs.

Defendant:
**NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC and AMAZON LOGISTICS, INC**

Received by Andrew Swatzell on the 3rd day of July, 2025 at 11:35 am to be served on **CLEANPEACE EXPRESS, LLC BY SERVING: THE SECRETARY OF STATE, 1019 BRAZOS STREET, ROOM 105, AUSTIN, Travis County, TX 78701**

I, Andrew Swatzell, do hereby affirm that on the **8th day of July, 2025** at **3:38 pm, I:**

Served an authorized agent by delivering a true copy of the **2 COPIES: CITATION / PLAINTIFF'S FIRST AMENDED PETITION / $55 SOS FEE Check 347** with the date and hour of service endorsed thereon by me, to: **Michael Orta** as **Authorized Person for SOS** at the address of: **1019 BRAZOS STREET, ROOM 105, AUSTIN, Travis County, TX 78701** on behalf of **CLEANPEACE EXPRESS, LLC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"My name is Andrew Swatzell, I am at least 18 years old and my address is 1108 Lavaca St
Suite 110-549
AUSTIN, TX 78701, and the United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas on July 8th, 2025 by Andrew Swatzell declarant."

**Andrew Swatzell**
PSC-18592 EXP 09/30/2026

**Pronto Process**
**office@prontoprocess.com**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2025008502

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c

EXHIBIT A

Copy from re:SearchTX

**VALERIE HARMON**
**2ND 25TH DISTRICT COURT**
**400 SPRING STREET, RM 103**
**COLUMBUS, TX 78934**

THE STATE OF TEXAS COLORADO COUNTY

**ATTORNEY FOR PLAINTIFF(s)**
**ROBERT FISCHEL**
**10500 HERITAGE BLVD. #102**
**SAN ANTONIO, TX 78216**

# REGULAR CITATION

**THE STATE OF TEXAS**

**TO: CLEANPEACE EXPRESS, LLC by serving THE SECRETARY OF STATE, JAMES E. RUDDER BLDG., for service of process at, 1019 BRAZOS STREET, ROOM 105; AUSTIN, TX 78701**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 25th DISTRICT COURT of Colorado County, Texas. Said petition was filed on 2nd day of July 2025 in this case, numbered 27071 on the docket of said Court, and styled,

KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Columbus, Texas this the 2nd day of July 2025.

DISTRICT COURT COLORADO COUNTY, TEXAS

**VALERIE HARMON, District Clerk**
2ND 25TH DISTRICT COURT
Colorado County, Texas

By: Carolyn Ayala
**Deputy**

EXHIBIT A

Copy from re:SearchTX

# OFFICER'S RETURN

27071 2ND 25TH DISTRICT COURT
KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

**ADDRESS FOR SERVICE:**

**1019 BRAZOS STREET, ROOM 105; AUSTIN, TX 78701**

Came to hand on the ____ day of ______________________, 20 _____ at _________ o'clock ___.m., and executed in _________________________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's First Amended Petition, at the following times and places, to wit:

**Name** **Date/Time** **Place, Course and Distance from Courthouse**

____________________ ______________________________________________________

And not executed as to the defendant(s),

____________________________________________________________________________

The diligence used in finding said defendant(s) being:

____________________________________________________________________________

and the cause or failure to execute this process is:

____________________________________________________________________________

and the information received as to the whereabouts of said defendant(s) being:

____________________________________________________________________________

**FEES:**
Serving Petition and Copy $__________
Total $__________

______________________________, Officer

_________________________, County Texas

By: ___________________________, Deputy

______________________________________
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is ____________________, my date of birth is _________________, and my address is
(First, Middle, Last)

_____________________________________________________________________________________
(Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in ___________ County, State of ___________, on the ____ day of ______________________________.

________________________________________
Declarant/Authorized Process Server

________________________________________
(Id# & expiration of certification)

EXHIBIT A

Copy from re:SearchTX

Filed: 6/13/2025 3:37 PM
Valerie Harmon
District Clerk
Colorado County, Texas

Carolyn Ayala

# RETURN OF SERVICE

**State of Texas** **County of Colorado** **2nd 25th District Court**

Case Number: 27071

BBW2025007648

Plaintiff:
**KELLY PHELPS**

vs.

Defendant:
**NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC and AMAZON LOGISTICS, INC.**

Received by Andrew Swatzell on the 13th day of June, 2025 at 10:25 am to be served on **AMAZON LOGISTICS, INC, by serving its registered agent CORPORATON SERVICE COMPANY DBA CSC-LA WYERS INCO,, 211 E 7TH ST, STE 620, AUSTIN, Travis County, TX 78701**

I, Andrew Swatzell, do hereby affirm that on the **13th day of June, 2025** at **12:29 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **CITATION / PLAINTIFF'S ORIGINAL PETITION** with the date and hour of delivery endorsed thereon by me, to: **Neisha Gross** as **Registered Agent** at the address of: **211 E 7TH ST, STE 620, AUSTIN, Travis County, TX 78701** on behalf of **AMAZON LOGISTICS, INC,**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25 to 30, Sex: F, Race/Skin Color: Black, Height: 5'4" to 5'6", Weight: 235 to 240, Hair: Dark Brown, Glasses: ., Eyes: .

EXHIBIT A

Copy from re:SearchTX

## RETURN OF SERVICE For 27071

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this service was made. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"My name is Andrew Swatzell, I am at least 18 years old and my address is 1108 Lavaca St
Suite 110-549
AUSTIN, TX 78701, and the United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas on June 13th, 2025 by Andrew Swatzell declarant."

**Andrew Swatzell**
PSC-18592 EXP 09/30/2026

**Pronto Process**
**office@prontoprocess.com**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2025007648

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0c

EXHIBIT A

Copy from re:SearchTX

**VALERIE HARMON**
**2ND 25TH DISTRICT COURT**
**400 SPRING STREET, RM 103**
**COLUMBUS, TX 78934**

**ATTORNEY FOR PLAINTIFF(s)**
**ROBERT FISCHEL**
**10500 HERITAGE BLVD. #102**
**SAN ANTONIO, TX 78216**

# REGULAR CITATION

**THE STATE OF TEXAS**

**TO: AMAZON LOGISTICS, INC, by serving its registered agent CORPORATON SERVICE COMPANY DBA CSC-LAWYERS INCO, for process service at, 211 E. 7TH STREET, SUITE 620; AUSTIN, TX 78701**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 2nd 25th DISTRICT COURT of Colorado County, Texas. Said petition was filed on 9th day of June 2025 in this case, numbered 27071 on the docket of said Court, and styled,

KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Columbus, Texas this the 12th day of June 2025.

DISTRICT COURT COLORADO COUNTY, TEXAS

**VALERIE HARMON, District Clerk**
2ND 25TH DISTRICT COURT
Colorado County, Texas

By: *Carolyn Ayala*
**Deputy**

EXHIBIT A

Copy from re:SearchTX

## OFFICER'S RETURN

27071 2ND 25TH DISTRICT COURT
KELLY PHELPS VS NUH GUVENMEZ, CLEANPEACE EXPRESS LLC and AMAZON LOGISTICS INC

**ADDRESS FOR SERVICE:**

**211 E. 7TH STREET, SUITE 620; AUSTIN, TX 78701**

Came to hand on the ____ day of ______________________, 20 _____ at _________ o'clock ___.m., and executed in ____________________________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, at the following times and places, to wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____________________ | ______________________________________________________ | |

And not executed as to the defendant(s),
______________________________________________________________________________

The diligence used in finding said defendant(s) being:
______________________________________________________________________________

and the cause or failure to execute this process is:
______________________________________________________________________________

and the information received as to the whereabouts of said defendant(s) being:
______________________________________________________________________________

**FEES:**
Serving Petition and Copy $___________
Total $___________

______________________________, Officer

__________________________, County Texas

By: ____________________________, Deputy

_______________________________________
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____________________, my date of birth is __________________, and my address is
(First, Middle, Last)

__________________________________________________________________________________________
(Street, City, State, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in ____________ County, State of ____________, on the ____ day of _________________________________.

__________________________________________
Declarant/Authorized Process Server

EXHIBIT A
__________________________________________
(Id# & expiration of certification)

Copy from re:SearchTX

Filed: 7/7/2025 10:06 AM
Valerie Harmon
District Clerk
Colorado County, Texas
Suzanne Mazac

**CAUSE NO. 27071**

| | | |
|---|---|---|
| **KELLY PHELPS**<br>*Plaintiff,* | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§ | **2ND 25TH JUDICIAL DISTRICT** |
| **NUH GUVENMEZ, CLEANPEACE EXPRESS, LLC, and AMAZON LOGISTICS, INC.**<br>*Defendants***.** | §<br>§<br>§<br>§ | **COLORADO COUNTY, TEXAS** |

**DEFENDANT AMAZON LOGISTICS, INC.'S SPECIAL EXCEPTIONS AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Amazon Logistics, Inc. (hereafter "Defendant"), hereby files its Special Exceptions and Original Answer to Plaintiff's Original Petition.

## I. SPECIAL EXCEPTIONS

1. Texas follows a "fair notice" standard for pleadings in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). The fair notice pleading standard serves to give the opposing party information sufficient to enable it to prepare a defense. *Horizon v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). In determining whether a pleading is adequate, the court examines whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy. *Elite Door & Trim v. Tapia*, 355 S.W.3d 757, 766 (Tex.App.— Dallas 2011, no pet.).



EXHIBIT A

2. Pursuant to Rule 91 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant points out the following defects in Plaintiff's Original Petition and respectfully requests this court enter an order requiring Plaintiff to re-plead the allegations in his petition.

**Special Exception No. 1:**

3. Defendant specially excepts to the Plaintiff's continuous lumping of Defendant and Co-Defendant Cleanpeace Express, LLC, and alleging that each of Plaintiff's causes of action are applicable to both Defendant and Co-Defendant Cleanpeace Express, LLC. *See* Plaintiff's Original Petition, at ¶16, 21-22. Plaintiffs contend Defendant and Co-Defendant Cleanpeace Express, LLC, are liable for gross negligence, respondeat superior, negligent entrustment of a motor vehicle, along with negligent hiring, supervising, training, and retaining Defendant Guvenmez. *See* Plaintiff's Original Petition. *Id*. Lumping Defendant with Defendant Cleanpeace Express, LLC, is improper and fails to provide Defendant with fair notice as to the specific allegations asserted by Plaintiff against each Defendant.

4. After vaguely and erroneously lumping Defendant and Co-Defendant Cleanpeace Express, LLC together and alleging Defendant Guvenmez was an agent of each company-Defendant, the lone factual allegation set forth against Defendant Guvenmez., is this Defendant negligently operated a vehicle. *See* Plaintiff's Original Petition, at ¶ 9-10. This single allegation does not provide any factual support to contend Defendant and Co-Defendant Cleanpeace Express, LLC, had the same duties and/or responsibilities.

**Special Exception No. 2:**

5. Defendant specially excepts to Plaintiff's Original Petition to the extent that it is defective and insufficiently alleges negligence *per se*. According to Plaintiff, Defendant is liable in this matter via per se negligence for alleged violations of federal regulations, statutes, and

various actions and/or omissions. *See* Plaintiff's Original Petition, at ¶15. Plaintiff cannot maintain a claim of negligence *per se* against Defendant based on an alleged violation of a statute which incorporates an ordinarily prudent person standard and does not establish a specific standard of conduct different from the common-law standard of ordinary care.

6. The case of *Perkins v. Delaney*, 170 S.W.3d 136 (Tex. App.-Eastland 2005, no pet.) illustrates the analysis employed by Texas courts in dismissing negligence *per se* allegations. In *Perkins*, the trial court denied the plaintiff's request to present TEX. TRANS. CODE § 545.058 to the jury. *Id*. at 136. The trial court also refused the plaintiff's request to instruct the jury on the issue of negligence *per se* based on an alleged violation of the statute. *Id*. The statute provided that an operator may drive on an improved shoulder of a roadway if it could be "done safely." *Id*. at 137. The *Perkins* court focused on the qualifying language in the statute "done safely." *Id*. It concluded the statute "does not impose an absolute duty, but, rather, imposes a conditional duty that correlates to the common law duty of reasonable care." *Id*. As a result, the court held that when "the duty imposed by a statute is conditional, a negligence *per se* instruction is precluded." *Id*. at 138.

7. This holding follows the customary inquiry of Texas courts addressing this issue. Where a statute incorporates an ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.-Texarkana 2002, pet. denied); *see also Cudworth v. South Texas Paisano Const. Co.*, 705 S.W2d 315, 317 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.). In other words, where the duty of compliance with an ordinance or statute is conditioned on what is reasonable, the negligence *per se* doctrine does not apply. *Maddox*, 67 S.W.3d at 458.

**<u>Special Exception No. 3:</u>**

8. Defendant specially excepts to the portions of Plaintiff's Original Petition which allege Defendant committed unidentified acts and/or omissions which constitute gross negligence and warrant the awarding of exemplary damages. *See* Plaintiff's Original Petition, at ¶ 21-22. Plaintiff fails to identify what subjective and objective acts and/or omissions of Defendant gives rise to a claim for gross negligence and punitive damages against Defendant. More specifically, Plaintiff has not cited any alleged facts or law which would potentially give rise to a gross negligence claim against Defendant. Plaintiff's factual pleadings entirely fail to set forth any allegations which give rise to a gross negligence claim.

9. A business entity may only be liable for gross negligence if the business entity, such as Defendant, commits gross negligence itself, and not vicariously through its purported employee or agent. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). Defendant specially excepts to Plaintiff's gross negligence allegations on the grounds that they are too general and fail to inform Defendant with sufficient particularity of the nature of Defendant's alleged gross negligence. Plaintiff's Original Petition also fails to refer to specific allegations pertaining to act or omission of Defendant: (1) which, when viewed objectively from the standpoint of the actor at the time of occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11); *See* also *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

## II. GENERAL DENIAL

10. Subject to the Special Exceptions itemized in the above section, Defendant, under the provisions of Rule 92, Texas Rules of Civil Procedure, generally denies each and every, all and singular, of the allegations alleged against it in Plaintiff's Original Petition.

## III. DEFENSES

11. Pleading further, in the alternative and without waiving the foregoing, no acts or omissions of Defendant were a proximate cause, or in the alternative, the sole proximate cause of the occurrence in question and of Plaintiff's damages, if any.

12. Pleading further, in the alternative and without waiving the foregoing, Defendant would show that the occurrence in question was solely caused by persons, entities, instrumentalities, or factors other than Defendant, over whom Defendant possesses no right of control, and for whom Defendant has no responsibility.

13. Pleading further, in the alternative and without waiving the foregoing, Defendant would assert that the actions or omissions of one or more third parties, either acting singularly or in combination, were the proximate cause, contributing cause, the sole proximate cause, or intervening cause(s) of Plaintiff's damages, if any.

14. Pleading further, in the alternative and without waiving the foregoing, Defendant is entitled to an offset, credit, contribution and proportionate reduction regarding any percentage of negligence attributable to responsible third parties and settling parties. Defendant invokes Chapters 32 and Chapter 33 of the Texas Civil Practice and Remedies Code vis-à-vis contribution and proportionate responsibility.

15. Pleading further, in the alternative and without waiving the foregoing, Defendant asserts all applicable caps and limitations upon any award of damages, which are provided by law.

Defendant further pleads that its liability for exemplary damages, if any, is limited by §41.008 of the Texas Civil Practice & Remedies Code.

16. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all settlements, loan receipts, or Mary Carter type agreements arising from Plaintiff's claims and causes of action.

17. Pleading further, in the alternative and without waiving the foregoing, Section 41.0105 of the Texas Civil Practice and Remedies Code restricts Plaintiff's recovery, if any, to only those medical expenses actually paid or that were incurred by or on their behalf.

18. Pleading further, in the alternative and without waiving the foregoing, Plaintiff is not entitled to recover any damages for alleged injuries that were preexisting or not otherwise exacerbated by the alleged incident.

19. Pleading further, in the alternative and without waiving the foregoing, Defendant invokes section 18.091(a) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which require certain losses (including earnings, earning capacity, contributions of a pecuniary value, or inheritance) be proven in the form of a net loss after the reduction for federal income tax.

20. Moreover, as allowed by Rule 48 of the Texas Rules of Civil Procedure, Defendant additionally asserts its right to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to any settling tortfeasor or properly joined responsible third party. See Texas Civil Practice & Remedies Code §§33.001¬33.004, 33.012-33.013.

21. Pleading further, in the alternative without waiving the foregoing, Defendant would show that Defendant Guvenmez., is an independent contractor as a matter of law, and not an

employee or agent of Defendant. Defendant would further show that at no time did Defendant have a right to control the work performed by Defendant Guvenmez., including the means and methods of how work was carried out, or direct the work to be performed by Defendant Guvenmez. Therefore, Defendant is not legally responsible for Defendant Guvenmez's alleged acts and/or omissions.

22. Pleading further and without waiving the foregoing, Defendant would show that Plaintiff's claims for respondeat superior, negligent entrustment, and negligent hiring, training, supervision, and retention are barred in whole or in part, because there was no employer, agency, or contractual relationship between Defendant and Defendant Guvenmez.

23. Pleading further and without waiving the foregoing, Plaintiff's claims against Defendant are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), which provides that states may not enforce laws related to a price, route, or service of any motor carrier or broker. Federal appellate courts have uniformly held that the FAAAA preempts state law negligence claims like those Plaintiffs assert against Defendant. The only potentially applicable exception to the FAAAA's preemption provision—the "safety exception"—doesn't apply here, because the connection between the Defendant's alleged negligence and the accident is too attenuated. Accordingly, the FAAAA preempts all of Plaintiff's claims against Defendant, and they should be dismissed.

24. Defendant affirmatively pleads the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE including, but not limited to:

a) Section 41.003(a), (b), (d) and (e) which require plaintiff proves by clear and convincing evidence, as defined by Section 41.001(2), the elements of exemplary damages, that the burden may not be shifted to the defendants, and that evidence of ordinary negligence is unsatisfactory, that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of

exemplary damages, and that the jury must be instructed as to the need for unanimity regarding a decision on exemplary damages.

b) Section 41.004(a), (b) which state that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded; and (b) Exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

c) Section 41.006, which requires that, in an action in which there are two or more defendants, an award of exemplary damages must be specific as to the defendants, and each defendant is liable only for the amount of each award made against that defendant.

d) Section 41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

e) Section 41.008(a) and (b), which places limitations on the plaintiff's recovery of exemplary damages to the greater of: (1)(a) two times the amount of economic damages, as defined by Section 41.001(4), plus (b) an amount equal to non-economic damages found by the jury, not to exceed $750,000.00 or, (2) $200,000.00.

f) Section 41.008(e), which provides that the preceding limitations may not be made known to the jury.

g) Section 41.009, which requires a bifurcated trial upon motion by any defendant.

h) Section 41.010 and Section 41.012, which provide for the jury instructions and considerations necessary before making and awarding exemplary damages.

i) Section 41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

j) Section 41.013, which sets forth the standard for judicial review of the award.

k) Section 41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

l) Section 41.014(a) and (b), which limit pre- and post-judgment interest accruing on medical bills subject to Medicare subrogation.

m) Section 41.0115, which limits discovery of net worth damages.

25. Pleading further and without waiving the foregoing, Defendant invokes the provisions of Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to:

a) Section 33.001, which provides a plaintiff may not recover damages if their percentage of responsibility is greater than fifty (50) percent;

b) Section 33.003, which requires the determination of the percentage of responsibility of each claimant, defendant, settling defendant, and responsible third party;

c) Section 33.004(a) whereby a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party if the motion is filed on or before the 60th day before the trial date, and Section 33.001(6) where "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. Designations may include employers, bankrupt entities, and unknown "John Doe" persons or entities whose actions contributed to the harm;

d) Section 33.012(a) and (b) providing for reduction of any recovery by (1) Plaintiff's percentage responsibility and (2) settlement credits;

e) Section 33.013(a), which states that except as provided in Subsection (b), a liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury, property damage, death, or other harm for which the damages are allowed;

f) Section 33.013(b) requiring that, aside from intentional conduct, a defendant is liable only for its proportional share of any fault unless a defendant is found to be greater than fifty (50) percent responsible, in which case the defendant may be held jointly and severally liable with other defendants if the Plaintiff's/decedents' injuries/death resulted from a toxic tort;

g) Section 33.015, which allows for contribution; and

h) Section 33.016, which permits designation and submission of contribution defendants.

26. Pleading further and without waiving the foregoing, Defendant invokes the following select provisions of Subchapter B from Chapter 72 of the TEXAS CIVIL PRACTICE & REMEDIES CODE:

a) Section 72.052, which provides for a bifurcated trial in certain commercial motor vehicle accident actions;

b) Section 72.053, which pertains to the admissibility of an alleged failure to comply with regulations or standards in certain commercial motor vehicle accident actions; and

c) Section 72.055, which pertains to the admissible of visual depictions of an certain commercial motor vehicle accident actions.

**U.S. Constitutional Defenses Against Punitive Damages**

27. Further, Defendant hereby invokes its rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution. Defendant affirmatively pleads punitive and/or exemplary damages violate the due process clauses contained in the Fifth and Fourteenth Amendments, inasmuch as they are assessed:

a) In an amount left to the discretion of the jury;

b) By the vote of ten jurors and not a unanimous verdict.

c) By virtue of the fact that Plaintiff needs only to prove the theory of gross negligence on a preponderance of the evidence standard, rather than on "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

d) By the fact that such awards are unduly vague and do not meet the requirements of due process, in that punitive and/or exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements;

e) By virtue of the fact that Defendant, in essence, are subjected to all the hazards and risks of a criminal fine, and, in fact, such awards often exceed normal criminal fines, but Defendant receive none of the basic rights afforded to a criminal defendant when subjected to possible criminal penalties;

f) By virtue of the fact that the Defendant who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give

deposition testimony or subject themselves to the consequences of default judgment; and

g) By virtue of the fact that the assessment of punitive and/or exemplary damages differs from Defendant to Defendant and that such assessment treats similar Defendant in dissimilar ways.

28. Pleading further and without waiving the foregoing, Defendant affirmatively pleads the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

29. Accordingly, Defendant hereby pleads its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully request this Honorable Court disallow the award of punitive and/or exemplary damages, inasmuch as an award in this case would violate Defendant's United States Constitutional Rights.

**Texas Constitutional Defenses Against Punitive Damages**

30. Defendant also asserts its rights under the Texas Constitution Article 1, section 3, section 13 and section 19 as such awards for punitive damages are arbitrary, unreasonable and in violation of Defendant's rights to due process and equal protection under the law.

a) A punitive damage award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to said Constitution and in Article I, section 19, of the Texas Constitution.

b) No provision of Texas law provides any adequate or meaningful standard or guide for fixing, determining or reviewing the amount of an award of punitive damages. Defendant had no notice of, or means of, ascertaining the amount of the penalty they would or might be subject to for the conduct upon which the award ostensibly is to be based.

c) No provision of Texas law provides adequate procedural safeguards consistent with the criteria of *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct 893 (1976) for the imposition of an award of punitive damages.



EXHIBIT A

**U.S. Constitutional Defenses Against Pre-Judgment Interest**

31. In addition, Defendant affirmatively asserts that the assessment and award of pre-judgment interest violates the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, in that such an award constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, Defendant hereby invokes its rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and respectfully requests this Court disallow any award of pre-judgment interest for the following reasons:

a) Any award by a jury is to be an amount of money assessed at the time of trial and is to be paid in dollars awarded at the time of trial and, as such, the jury has already factored into its deliberations the change in the value of money from the time of the occurrence in question until the time of trial; and

b) In awarding pre judgment interest, Plaintiff, in effect, receives double any prejudgment interest into account the time value of money and pre judgment interest added to the jury's verdict constituting an award amounting to double recovery.

**Texas Statutory Defenses Against Pre-Judgment Interest**

32. Defendant further asserts that Plaintiff's claims for pre judgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

a) Article 5069-1.05, § 6, Tex. Rev. Civ. Stat. Ann.;

b) Chapter 41 § 41.007, of the Tex. Civ. Prac. & Rem. Code, Ann.; and

c) Texas Finance Code.

## IV. OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

33. Defendant objects to Plaintiff's Texas Rule of Civil Procedure 193.7 Notice as contained in Plaintiff's Original Petition as being overbroad and attempts to circumvent the rules of evidence.

## V. MOTION FOR ENTRY OF A PROTECTIVE ORDER

34. Defendant moves for the Court to enter a protective order to protect Defendant's confidential, proprietary, and trade secret privileged information and materials. Upon present information and belief, discovery is this matter is anticipated to infringe on Defendant's confidential, proprietary, and trade secret privileges. In an effort to allow for open discovery in this matter, while protecting Defendant's valuable, confidential, proprietary, and trade secret information and materials, Defendant requests that a protective order is issued. In the event a protective order is not issued in this matter, Defendant's will be irreparably harmed and prejudiced in this, and other matters.

## VI. JURY DEMAND

35. Defendant requests a jury trial and will tender the required fee as required by law, if not already tendered by another party.

## VII. PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Amazon Logistics, Inc., pray this Honorable Court grant its Special Exceptions, and further, Plaintiff take nothing by his claims and causes of action against Defendant and that Defendant be granted all other relief to which it may be justly entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:/s/ John Bridger
John Bridger
Texas Bar No. 02975860
John.Bridger@wilsonelser.com
Bryan Puente
Texas Bar No. 24092998
Bryan.Puente@wilsonelser.com



EXHIBIT A

909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: 713-353-2000
Facsimile: 713-785-7780
*Attorneys for Defendant Amazon Logistics, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on July 7, 2025.

*/s/ John Bridger*
John Bridger



EXHIBIT A

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle Cochran on behalf of John W. Bridger
Bar No. 2975860
michelle.cochran@wilsonelser.com
Envelope ID: 102798575
Filing Code Description: Answer/Response
Filing Description: Amazon's Special Exceptions and Answer to Plaintiff's Original Petition
Status as of 7/7/2025 3:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Fischel | | robertf@davislaw.com | 7/7/2025 10:06:02 AM | SENT |
| Zenia Hinojosa | | zeniah@davislaw.com | 7/7/2025 10:06:02 AM | SENT |
| Brianna Crossland | | briannac@davislaw.com | 7/7/2025 10:06:02 AM | SENT |
| Michelle Cochran | | michelle.cochran@wilsonelser.com | 7/7/2025 10:06:02 AM | SENT |
| John Bridger | | John.Bridger@wilsonelser.com | 7/7/2025 10:06:02 AM | SENT |
| Sabrina Mckoy | | Sabrina.mckoy@wilsonelser.com | 7/7/2025 10:06:02 AM | SENT |
| Bryan Puente | | bryan.puente@wilsonelser.com | 7/7/2025 10:06:02 AM | SENT |

EXHIBIT A